UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CRESLY DURAN,<br><br>        Plaintiff,<br><br>    v.<br><br>FIRSTSOURCE ADVANTAGE, LLC,<br><br>        Defendant. | Case No. _____ |

**NOTICE OF REMOVAL OF CIVIL ACTION**

**PLEASE TAKE NOTICE** that Defendant Firstsource Advantage, LLC ("Defendant"), hereby removes the action from the County Court of the Eleventh Judicial Circuit in and for Miami-Dade, Florida ("the State Court"), to the United States District Court for the Southern District of Florida, pursuant to Sections 1331, 1441(c), and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant states as follows:

**I.    THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441**

On or about June 14, 2021, Plaintiff Cresly Duran ("Plaintiff") filed a complaint in the State Court, entitled *Cresly Duran v. Firstsource Advantage, LLC*, Case No 2021-016887-CC-05 (the "Complaint"). The Summons and Complaint are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

In the Complaint, Plaintiff alleges that Defendant caused letters to be mailed to Plaintiff in an attempt to collect a debt owed by Plaintiff. *See* Complaint ("Compl."), ¶ 22. In doing so,

Plaintiff alleges that Defendant transmitted Plaintiff's private debt-related information to third-party letter preparation vendors without Plaintiff's authorization or consent. *Id.* at ¶¶ 21, 25. As a result, Plaintiff claims that Defendant violated 15 U.S.C. § 1692c(b) of the Fair Debt Collection Practices Act ("FDCPA"). *See* Compl., ¶¶ 33, *et seq*.

In addition to her FDCPA claim, Plaintiff also alleges that Defendant violated § 559.72(5) of the Florida Consumer Collection Practices Act ("FCCPA"). The facts in support of these claims arise out of the same nucleus of operative facts pertaining to Plaintiff's FDCPA claim, and thus form part of the "same case or controversy" pursuant to 28 U.S.C. § 1367(a). Specifically, like Plaintiff's FDCPA claims, Plaintiff's state law claim is also based on Defendant's alleged improper disclosure of Plaintiff's private identifying information to third party letter preparation vendors without Plaintiff's consent. *See* Compl., ¶¶ 37, *et seq.*

Because it can be ascertained from the face of the Complaint that this action arises under federal law (*i.e.*, the FDCPA), and that the state law claim is based upon facts that are part of the "same case or controversy" as the federal law claims, this Court has both original jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1441(c), respectively.

## II.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

On or about June 14, 2021, Plaintiff filed the Complaint in the State Court. Defendant was served with the Complaint on July 1, 2021. This Notice of Removal is timely in that it was filed within 30 days from the time Defendant had notice that the action was removable, and less than a year after the commencement of the action. *See* 28 U.S.C. § 1446(b).

The State Court is located within the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 89. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiff and file with the Clerk of the State Court a written notice of the filing of this Notice of Removal, attaching a copy of this Notice of Removal.

No previous application has been made for the relief requested herein.

**WHEREFORE**, Defendant respectfully requests that this Court assume jurisdiction over the above-described action now pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Respectfully submitted this 30th day of July, 2021.

FIELDS HOWELL LLP,

By: */s/ John P. Golden*

Armando P. Rubio, Esq.
Florida Bar No.:478539
John P. Golden, Esq.
Florida Bar No.: 112509
Attorneys for Defendant
9155 So. Dadeland Blvd., Suite 1012
Miami, FL 33156
Tel: (786) 870-5600
Fax: (855) 802-5821
arubio@fieldshowell.com
jgolden@fieldshowell.com